UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JAMES ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | CASE NO. 1:18-cv-0846 JLT (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO ALLOW PLAINTIFF TO PROCEED ON COGNIZABLE CLAIMS AND DISMISS OFFICIAL CAPACITY CLAIMS**<br><br>**(Doc. 13)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting claims against employees of the California Department of Corrections and Rehabilitation. (Doc. 13.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff brings this action against Correctional Officers Rodriguez and Sergeant

Benecourt, employees of Kern Valley State Prison where plaintiff was incarcerated at times relevant to this action. The defendant is sued in his or her individual and official capacities.

Plaintiff's allegations can be fairly summarized as follows:

On June 22, 2017, plaintiff was working in the KVSP kitchen when CO Rodriguez directed him to stack boxes of ice in the walk-in freezer. Plaintiff explained that there was frozen water on the ground, which would make it dangerous to walk in there without proper shoes and especially lifting heavy boxes of ice. CO Rodriguez threatened plaintiff with a write-up if he did not do as asked. Plaintiff again explained to CO Rodriguez that a few other inmates had fallen hard trying to walk on that floor, and he asked if he could get the right sort of boots to wear. When CO Rodriguez asked why plaintiff didn't have them already, plaintiff informed her that Sgt. Benecourt refused to get them even after someone fell on the freezer floor two days prior. CO Rodriguez again threatened plaintiff with a write-up if he did not comply with her order.

Plaintiff then approached Sgt. Benecourt, the central kitchen supervisor, to get proper boots to work in the freezer, but this defendant refused to get any boots and simply told plaintiff to be careful. Per plaintiff, Sgt. Benecourt knew that rubber boots should be worn in certain areas of the kitchen for safety purposes, and plaintiff had asked him multiple times previously for rubber boots so that he could work safely in the freezer, to no avail.

Not wanting to be written-up, plaintiff walked into the freezer to load the ice when he lost his footing and fell hard onto his head and back. As a result, plaintiff remained in a wheelchair for four months. The fall caused permanent nerve damage that limits his mobility and causes back pain and migraine headaches.

Plaintiff brings Eighth Amendment claims of cruel and unusual punishment, failure to protect, and deliberate indifference to medical needs. He seeks injunctive relief and damages.

**III.    Discussion**

**A.    Official Capacity Claims**

Plaintiff's official capacity claims for damages against the defendants are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh

Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). Plaintiff's damages request against defendants in their official capacity should therefore be dismissed with prejudice because it cannot be cured through amendment.

An exception to Eleventh Amendment immunity occurs when a plaintiff seeks prospective injunctive relief, but this exception "applies only to state officials with the ability to provide injunctive relief in their official capacities." Roberts v. Cal. Dept. of Corr., 2007 WL 951289 at *2 (N.D. Cal. 2007). Plaintiff's request for injunctive relief here is "that the policy and practice of demanding work be done without the proper safety gear, clothing, shoes or boots, stop." First Am. Compl. 6. At this pleading stage, the Court will presume that the named defendants have control over this practice and will recommend that this request for relief be allowed to proceed.

**B. Eighth Amendment Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The prohibition against cruel and unusual punishment applies to all conditions within a prison, including work programs, medical care, housing facilities, security measures, etc. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 344-47 (1981). To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a

tumultuous cellblock"). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835–36 & n. 4 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

An unsafe workplace alone does not equal a per se violation of the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). In the context of prisoner working conditions, the Eighth Amendment is implicated only when a prisoner alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed] his life] or health, or cause[d] undue pain." Morgan, 465 F.3d at 1045, quoting Berry v. Bunnell, 39 F.3d 1056 (9th Cir. 1994). Prison officials are liable for a prisoner's workplace injury only if they were deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837 ("the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference"); see Wilson, 501 U.S. at 298–99, 302–03 (the official must actually know of the risk yet fail to take reasonable measures to ensure the prisoner's safety); see also LeMaire v. Mass, 12 F.3d 1444 (9th Cir. 1993). Even "[i]f a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Farmer, 511 U.S. at 834.

Although a prison official's conduct need not have been undertaken for the purpose of causing an inmate harm before it violates the constitution, a "sufficiently culpable state of mind" requires that the conduct involve more than mere negligence. Farmer, 511 U.S. at 837, 847 (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth Amendment claim). If the risk of harm was obvious, the trier of fact may infer that a defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law. Id. at 840–42.

Plaintiff accuses defendants of refusing to provide him with proper safety gear (to wit, rubber boots) before forcing him to work in the freezer, despite having knowledge of prior falls that injured other inmates and knowledge of the need for proper gear. Liberally construed, the

Court finds these allegations sufficient to show that the defendants were deliberately indifferent to a substantial risk of serious harm to plaintiff.

**IV.     Conclusion**

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 10.). However, no defendants have appeared or consented. Accordingly, the Court ORDERS that Clerk's Office to randomly assign this matter to a district judge pursuant to Local Rule 120(e); and

The Court RECOMMENDS that this action proceed against defendants Correctional Officer Rodriguez and Sergeant Benecourt in their individual capacities on an Eighth Amendment claim of deliberate indifference for damages. Plaintiff may also proceed on an official capacity claim for prospective injunctive relief that takes the form of providing proper safety gear and clothing to inmates before work is commenced. Plaintiff's official capacity claims for damages should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2019**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE