UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JAMES ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 1:18-cv-0846 NONE JLT (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO:</u><br><br>(1) <u>ALLOW PLAINTIFF TO PROCEED ON COGNIZABLE EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS; AND</u><br><br>(2) <u>DISMISS OFFICIAL CAPACITY CLAIMS FOR DAMAGES WITH PREJUDICE</u><br><br>(Doc. 14) |

Plaintiff Philip James Rogers, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In his complaint, plaintiff alleges as follows. On June 22, 2017, plaintiff was working in the kitchen at Kern Valley State Prison when Correctional Officer ("CO") Rodriguez directed plaintiff to stack boxes of ice in the walk-in freezer. (Doc. No. 13 at ¶ 3.) Plaintiff informed CO Rodriguez that there was frozen water on the ground in the walk-in freezer, which would make it dangerous to walk in there without proper shoes, and that several other inmates had fallen in the freezer. (*Id*. at ¶¶ 3–4.) Plaintiff asked CO Rodriguez if he could get appropriate, rubber-soled

1

boots to wear, after explaining to CO Rodriguez that another prison official, Sgt. Benecourt, refused to allow plaintiff to obtain such boots even though someone else fell in the freezer two days prior. (*Id*. at ¶ 4.) CO Rodriguez then threatened plaintiff with a rules violation write-up if he did not comply with her order to proceed with his assigned task. (*Id*.) Plaintiff then approached Sgt. Benecourt, the central kitchen supervisor, to again request boots, but Sgt. Benecourt again refused the request and told plaintiff he "better be careful." (*Id*. at ¶¶ 4, 10.) Not wanting to be written-up for a rules violation, plaintiff walked into the freezer to load the ice, but eventually lost his footing and fell onto his head and back. (*Id*. at ¶ 5.) As a result, plaintiff remained in a wheelchair for four months. (*Id*. at ¶ 6.) The fall caused permanent nerve damage that limits plaintiff's mobility and causes him back pain and migraine headaches. (*Id*. at ¶ 7.) Plaintiff brings Eighth Amendment claims asserting cruel and unusual punishment, failure to protect, and deliberate indifference to medical needs. (*Id*. at ¶ 8–16.)

On October 4, 2019, the magistrate judge filed findings and recommendations ("F&Rs") recommending that plaintiff be permitted to proceed on his Eighth Amendment damages claims against CO Rodriguez and Sgt. Benecourt in their individual capacities. (Doc. No. 14 at 4–6.) It was also recommended that plaintiff be permitted to proceed on his claim for injunctive relief against the defendants in their official capacities, but that any official capacity damages claim be dismissed with prejudice. (*Id*. at 3, 6.) Plaintiff has filed objections to this last aspect of the findings and recommendations, contending that his official capacity damages claims should be allowed to proceed. (Doc. No. 18). Plaintiff does not offer any valid authority to support this objection. In fact, he cites authority that supports the opposite conclusion. (*Id*. at 1) (citing *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985), for the proposition that "Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity.").) Although the court acknowledges that a plaintiff proceeding *pro se*, as plaintiff is here, may be easily confused by the law in this area, *Graham* plainly holds that "official-capacity damages action [cannot be] maintained against [a state official] in federal court." 473 U.S. at 170. Thus, plaintiff cannot

pursue an official capacity damages claim in his case.  His individual capacity damages claim, however, will be allowed to proceed.

In sum, the court has reviewed the file, performed a de novo review in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly:

1. The findings and recommendations filed October 4, 2019, are adopted in full;
2. Plaintiff may proceed in this action against Kern Valley State Prison Correctional Officer Rodriguez and Sergeant Benecourt on his damages claim for deliberate indifference in violation of the Eighth Amendment.  Plaintiff may also proceed on an official capacity claim for prospective injunctive relief requiring that proper safety gear and clothing be provided to prisoners before the type of work being performed by plaintiff at the time of his alleged injury is commenced; and
3. Plaintiff's official capacity claim for damages is dismissed with prejudice.

IT IS SO ORDERED.

Dated: **February 10, 2020**

UNITED STATES DISTRICT JUDGE