UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JAMES ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　Defendants. | CASE NO. 1:18-cv-0846 NONE JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 36, 39)**<br><br>**FOURTEEN-DAY DEADLINE** |

Defendant Bettencourt moves for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff opposes defendant's motion and has filed a motion for summary judgment on the merits of his claim. For the reasons set forth below, the Court will recommend that the defendant's motion be granted, and plaintiff's motion be denied.

**I.　Summary of Plaintiff's Allegations**

This action proceeds on an Eighth Amendment deliberate indifference claim against defendants Rodriguez, a cook in the central kitchen at Kern Valley State Prison, and Correctional Officer Bettencourt, the central kitchen supervisor. Plaintiff's allegations can be fairly summarized as follows:

On June 22, 2017, plaintiff was working in the kitchen when Rodriguez directed him to

stack boxes of ice in the walk-in freezer. Rodriguez insisted that he do so even after plaintiff explained that he did not have proper shoes to walk over the frozen water on the ground while lifting heavy boxes of ice. Rodriguez threatened plaintiff with a write-up if he did not do as asked. Plaintiff again explained to Rodriguez that a few other inmates had fallen hard trying to walk on that floor, and he asked if he could get the right boots to wear. When Rodriguez asked why plaintiff didn't have them already, plaintiff informed her that Bettencourt refused to get them even after someone fell on the freezer floor two days prior. Rodriguez again threatened plaintiff with a write-up if he did not comply with her order.

Plaintiff then approached Bettencourt to get proper boots to work in the freezer, but this defendant refused to get any boots and simply told plaintiff to be careful. Per plaintiff, Bettencourt knew that rubber boots should be worn in certain areas of the kitchen for safety purposes, and plaintiff had asked him multiple times previously for rubber boots so that he could work safely in the freezer, to no avail.

Not wanting to be written-up, plaintiff walked into the freezer to load the ice when he lost his footing and fell hard onto his head and back. As a result, plaintiff remained in a wheelchair for four months. The fall caused permanent nerve damage that limits his mobility and causes back pain and migraine headaches.

## II.    Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." Id. at 323.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. Jones, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

failed to exhaust. <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. <u>Williams v. Paramo</u>, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." <u>Id.</u> If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. <u>See</u> <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175 (9th Cir. 2005).

### C. CDCR Grievance Process

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2015). Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. <u>See</u> <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 818 (9th Cir. 2010); <u>see also</u> <u>Woodford</u>, 548 U.S. at 85-86. In 2015, administrative appeals were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2015); <u>see also</u> <u>Sapp</u>, 623 F.3d at 818.

### III. Undisputed Facts

Plaintiff submitted two inmate grievances and one CDCR 22 Form related to the June 22, 2017, kitchen fall. On June 29, 2017, plaintiff filed a non-health care inmate grievance, Log No. KVSP-0-17-02006, stating that he fell in the kitchen freezer due to a small layer of ice build-up on the freezer floor. (Decl. of A. Leyva in Supp. of Def.'s Mot. Summ. J. ¶ 21, Ex. B [Doc. 36-3 at 19-21].) Plaintiff further stated that defendant Rodriguez witnessed the fall, asked if plaintiff was alright, and then notified her supervisor. By way of relief, plaintiff sought a sign that would warn of icy floors, and he wanted a daily inspection of the freezer by staff.

There are several sentences in the inmate grievance, Log No. KVSP-0-17-02006, that have been stricken, apparently because the screening responses discussed <u>infra</u> directed him to remove

1   them. For example, plaintiff was instructed to remove any reference related to medical care, which
2   included plaintiff's notations that he was taken to medical for x-rays but they found no broken
3   bones, something was said about his back that plaintiff did not understand, he only received ice
4   packs, and he is still experiencing pain and discomfort and can barely walk. Plaintiff also sought
5   monetary compensation, but this portion of the grievance is crossed out because plaintiff was
6   repeatedly informed that compensation is beyond the scope of the appeals process.

7   On July 10, 2017, plaintiff's grievance was screened at the first level of review. (Leyva
8   Decl. Ex. B [Doc. 36-3 at 18].) Plaintiff was informed that he needed to submit a CDCR Form 22
9   directly to Central Operations (Central Kitchen). He was also informed that any requests related to
10  medical treatment must be made on a 602-HC form. Lastly, he was told that compensation is
11  beyond the scope of the appeals process.

12  On July 13, 2017, plaintiff submitted a CDCR 22 Form stating, "I slipped on ice built up in
13  central kitchen." (Leyva Decl. Ex. B [Doc. 36-3 at 54].) He requested a "Slippery when icy &/or
14  wet" sign on the freezer door, daily inspections, medical treatment, and compensation for his
15  injuries. In a July 21 response, plaintiff was informed that a slippery floor sign had been ordered.
16  After submitted his CDCR 22 Form, plaintiff responded to the July 10 screening order stating that
17  he had submitted the form to kitchen staff, which he then attached to his appeal. (Leyva Decl. Ex.
18  B [Doc. 36-3 at 18].)

19  On July 27, 2017, plaintiff's grievance, Log No. KVSP-0-17-02006, was again screened at
20  the first level of review. (Leyva Decl. Ex. B [Doc. 36-3 at 17].) Plaintiff was informed once more
21  that requests regarding medical treatment must be made in a 602-HC form, that the CDCR Form
22  22 should be utilized and sent to Central Operations (Central Kitchen), and that compensation is
23  beyond the scope of the appeals process.

24  Plaintiff responded to the July 27 screening order expressing confusion, stating "Your …
25  form is indicisive [*sic*] on the actions your [*sic*] telling me to take. I completed the [CDCR Form
26  22] request process, as recommended. Now I'm being informed to do other [things]. …." (Leyva
27  Decl. Ex. B [Doc. 36-3 at 17].)

28

1    On August 9, 2017, plaintiff's grievance, Log No. KVSP-0-17-02006, was rejected at the first level of review because he did not submit a 602-HC form. (Leyva Decl. Ex. B [Doc. 36-3 at 16].) Plaintiff was informed that his appeal cannot be assigned if it contains requests related to medical treatment. He was also directed to remove his request for compensation. Finally, plaintiff was cautioned that failure to follow instructions may result in a canceled appeal.

On August 15, 2017, plaintiff submitted a health care inmate grievance, CDCR 602 HC, assigned Log No. KVSP-HC-17038725, writing, "I fell in Central Kitchen, due to ice built up on freezer floor, I was sent to CTC for x-rays, they found no broken bones but said something about my back. I only received a[n] ice pack and no treatment." (Pl.'s Opp'n Ex. 5 [Doc. 39 at 20].) Plaintiff requested a sign warning of icy floors, daily inspections, medical treatment, and damages. Plaintiff's CDCR 602 HC was granted at the first level of review. (Pl.'s Opp'n Ex. 5 [Doc. 39 at 20].) It is unclear what form of relief was granted because the First Level response for this grievance is not submitted by either party.

On August 22, 2017, plaintiff's non-health care grievance, Log No. KVSP-0-17-02006, was again screened at the first level of review: "Sir your issue is being addressed by central kitchen based on the response from 22 form. Explain how the issue continues to be an adverse effect."

**IV.    Discussion**

In support of his motion for summary judgment, Bettencourt argues that plaintiff's inmate grievance did not mention him or his alleged failure to provide rubber boots. There can be no dispute that plaintiff's inmate grievances—Log No. KVSP-0-17-02006 and Log No. KVSP-HC-17038725—omit any mention of this defendant or rubber boots. Defendant has thus met his initial burden to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."

The burden thus shifts to plaintiff to come forward with evidence that something in his case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. In his opposition, plaintiff contends that administrative remedies were effectively unavailable to him due to the confusing instructions he received in the screening of Log No. KVSP-0-17-02006.

He also points to his filing of the CDCR 22 Form and his health care appeal, Log No. KVSP-HC-17038725, both of which he claims were granted.

Even if these contentions were true, plaintiff's grievances and CDCR 22 Form do not mention Bettencourt or plaintiff's claimed reason for his fall, i.e., the refusal to provide rubber boots. Plaintiff counters that he satisfied the prison's notice requirement and further details would have emerged "[h]ad the prison officials properly process[ed] the grievance the facts that lead up to the incident may have been developed. … The defendants had an opportunity to process the appeal and develop the facts of the incident." (Pl.'s Opp'n at 7.) This position is inconsistent with California's requirements for inmate grievances.

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id. § 3084.2(a). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4). Accordingly, plaintiff was required to list on his inmate grievance in the first instance—not to inform institutional staff at a later stage or to rely on them to develop facts—all staff members involved, a description of their involvement in the issue, and all

1 facts known and available to him. Plaintiff plainly did not meet these requirements.

2 Plaintiff also suggests that he did not name Bettencourt because "[i]nmates are reluctant to name prison staff in appeals because the prison system does nothing to prevent or deter staff from retaliating against an inmate who set forth allegations of staff misconduct." (Pl.'s Opp'n at 7.) In order to establish that the failure to exhaust was excusable on account of retaliation, plaintiff must show that:

> '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'

McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)).

Plaintiff does not offer anything more than general fears of possible retaliation for his failure to name Bettencourt. This is insufficient. Rodriguez v. County of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (allegations of "general and unsubstantiated fears about possible retaliation" insufficient to satisfy inmate's burden to produce evidence of something in the particular case that rendered administrative remedies effectively unavailable) (citing McBride, 807 F.3d at 987-88); Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("conclusory allegations unsupported by factual data are insufficient to defeat ... summary judgment motion") (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff has failed to meet his burden of demonstrating that the prison's grievance procedure was effectively unavailable to him. See Albino, 747 F.3d at 1166. Accordingly, this action must be dismissed, and plaintiff's motion for summary judgment should be denied. As an alternative ground for denial, plaintiff claims he is entitled to summary judgment because defendant admitted all factual allegations (Pl.'s Opp'n at 2), but plaintiff does not cite to any evidence in support. His conclusory assertion without citation to any evidence, such as declaration, deposition transcript, or discovery response, does not meet plaintiff's burden in proving the absence of a genuine issue of material fact on a claim on which he bears the ultimate burden of proof at trial.

Plaintiff is therefore not entitled to summary judgment.

### V.     Conclusion

For all these reasons, the Court **RECOMMENDS** granting defendant's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies and denying plaintiff's motion for summary judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2021**              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE