UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JAMES ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-00846-NONE-JLT<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No. 54) |

On February 8, 2021, the assigned magistrate judge entered findings and recommendations, which were served on the parties and which contained a notice that any objections to the findings and recommendations were to be filed within fourteen days. (Doc. No. 42.) Therefore, objections were due February 25, 2021. (*Id.*); Fed. R. Civ. P. 6(d) (extending deadline by three extra days for parties who receive service by mail). After neither party filed objections, on March 8, 2021, the court entered an order adopting in full the magistrate judge's findings and recommendations and granting then-defendant Bettencourt's motion for summary judgment due to plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. No. 47.)

However, plaintiff had filed objections to the findings and recommendations (Doc. No. 49) on March 5, 2021, but they were not docketed until March 8, 2021, after the court entered its

/////

1

order adopting the findings and recommendations and entry of judgment.  (Doc. Nos. 47 & 48).  Defendant Bettencourt filed a response to plaintiff's objections.  (Doc. No. 51.)

On April 5, 2021, plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which the court interprets as a motion for relief from judgment.  Under Rule 60(b), a party make seek relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b) must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010).  However, pro se civil litigants are required to adhere to court-ordered deadlines.  *See Walker v. Gomez*, 101 F. App'x 200, 202 (9th Cir. 2004) (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)).  A pro se prisoner can avoid strict time limits where restraints resulting from incarceration prevent timely compliance with court deadlines.  *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)).

Plaintiff has averred that he was unable to complete his legal research at the law library in connection with the preparation of his objections due to COVID-19 restrictions.  (Doc. No. 54 at 2.)  Given his incarcerated status, the court finds plaintiff's failure to count the days not in compliance with Federal Rule of Civil Procedure 6(a)(1)(B) to constitute excusable neglect.

The Ninth Circuit has stated that "improper screening of an inmate's administrative grievances renders administrative remedies effectively unavailable such that exhaustion is not

required under the PLRA." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).  Plaintiff's objections argue that in this case prison officials failed to process his inmate grievance properly. (Doc. No. 49.)  However, the evidence on summary judgment established that plaintiff's inmate grievance was rejected because he failed to describe an adverse effect.  (*See* Doc. No. 36-3 at 15); 15 C.C.R. 3084.6(b)(2) (Lexis 2017) (appeal may be rejected when "appellant has failed to demonstrate a material adverse effect on his or her welfare").  Plaintiff has not established how an interview was required in this instance with respect to his inmate grievance.

Plaintiff also argues he exhausted available administrative remedies even though he did not name certain individuals or provide details concerning rubber boots.  (Doc. No. 49 at 3.) Even if his description of the details was sufficient, however, the fact remains that plaintiff's inmate grievance was not rejected on those grounds.  Moreover, the evidence on summary judgment established that plaintiff never exhausted any appeal through the third level of review.

Plaintiff's remaining arguments were adequately addressed in the findings and recommendations, and plaintiff's objections and motion for reconsideration do not establish any flaws with the magistrate judge's reasoning.

Accordingly, plaintiff's motion for relief from judgment (Doc. No. 54) is denied.

IT IS SO ORDERED.

Dated:  **October 1, 2021**

UNITED STATES DISTRICT JUDGE