UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JAMES ROGERS,<br><br>           Plaintiff,<br><br>v.<br><br>YURIDIAN RODRIGUEZ,<br><br>           Defendant. | Case No. 1:18-cv-00846-JLT-BAK (HBK) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT RODRIGUEZ'S MOTION FOR SUMMARY JUDGMENT (EXHAUSTION) AND TO DISMISS ACTION<br><br>(Doc. No. 61)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Paul Nivard Beaton, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.) This action proceeds on an Eighth Amendment deliberate indifference claim against Defendant Yuridian Rodriguez ("Defendant Rodriguez" or "Defendant"), a cook at Kern Valley State Prison.[1] (Doc. Nos. 19, 43.)

On August 4, 2021, Defendant Rodriguez filed a motion for summary judgment based on a failure to exhaust administrative remedies. (Doc. No. 61.) Plaintiff filed a response in opposition, to which Defendant filed reply. (Doc. Nos. 67, 68.) For the reasons set forth below,

---

[1] The parties refer to this defendant as "Correctional Officer Rodriguez" or "Defendant Rodriguez."  The Court previously granted Plaintiff's motion to amend the First Amended Complaint by substituting the name of "Correctional Officer Rodriguez" with Cook Yuridian Rodriguez. (Doc. No. 43.)

the Court recommends that Defendant's motion be granted and judgment entered in Defendant's favor.

# I. FACTS

### A. Plaintiff's Factual Allegations

On June 22, 2017, Plaintiff was working in the kitchen when his supervisor, Defendant Rodriguez, directed him to stack boxes of ice in the walk-in freezer. Plaintiff explained that the freezer had frozen water on the floor, and walking in there without rubber boots was dangerous, particularly while carrying heavy boxes of ice. Defendant directed Plaintiff to take the boxes into the freezer or else he would write up Plaintiff for not following a direct order. Plaintiff further explained to Rodriguez that a few other inmates had fallen hard trying to walk on that floor, and Plaintiff requested the proper boots. When Defendant asked why Plaintiff did not have them already, Plaintiff stated that Sergeant Bettencourt[2] refused to get them even after someone fell on the freezer floor two days earlier. Defendant stated that she did not have time to get the boots, and again threatened Plaintiff with a write-up if he did not comply with her order. Plaintiff then approached Sgt. Bettencourt to get proper boots to work in the freezer, but Bettencourt refused to get any boots and simply told plaintiff to be careful.

Not wanting to be written-up, Plaintiff walked into the freezer without boots and began loading the ice into the freezer. He was almost finished, and as he was walking to the freezer door, he lost his footing on the ice and fell hard onto his head and back. Defendant had been standing at the freezer door and saw Plaintiff fall. Defendant immediately called for medical assistance, and medical staff took Plaintiff to the clinic.

Plaintiff states that he was in excruciating pain from back and head injuries. X-rays indicated no broken bones. However, the impact of the fall rendered Plaintiff unable to walk or stand. Plaintiff was issued a wheelchair, which he used for four months, and he has used a cane since then. Plaintiff asserts that he has suffered permanent nerve damage that limits his mobility and causes back pain and migraine headaches.

---

[2] Sgt. Bettencourt was named as Rodriguez's co-defendant in Plaintiff's first amended complaint. On March 8, 2021, the Court entered summary judgment in favor of Sgt. Bettencourt based on Plaintiff's failure to exhaust administrative remedies.

**B.  Undisputed Facts Concerning Exhaustion**

Plaintiff submitted two inmate grievances and one CDCR 22 form related to his June 22, 2017, fall in the freezer.  On June 29, 2017, Plaintiff filed a non-health care inmate grievance, Log No. KVSP-0-17-02006, stating that he fell in the kitchen freezer due to a small layer of ice build-up on the freezer floor.  (Doc. No. 67 at 12–13.)  Plaintiff further stated that Defendant Rodriguez witnessed the fall, asked Plaintiff how he was, and notified her supervisor.  As relief, Plaintiff sought a sign that would warn of icy floors and a daily inspection of the freezer by staff.

Several sentences in Log No. KVSP-0-17-02006 were stricken by hand, apparently because of instructions within the screening responses.  For example, Plaintiff was instructed to remove any reference related to medical care from his form 602 and instead file a form 602-HC to appeal the adequacy of his medical treatment.  Plaintiff also sought monetary compensation, but this portion of the grievance is also crossed out, presumably because Plaintiff was repeatedly informed that compensation is beyond the scope of the appeals process.  (*Id.* at 12, 15.)

On July 10, 2017, Plaintiff's grievance was screened and rejected at the first level of review.  (*Id.*)  Plaintiff was informed that he needed to submit a CDCR Form 22 directly to Central Operations (Central Kitchen).  He was also informed that any requests related to medical treatment must be made on a 602-HC form and submitted to Health Care Appeals.  Lastly, he was told that compensation is beyond the scope of the appeals process.  (*Id.* at 15.)

On July 13, 2017, Plaintiff submitted a CDCR 22 form stating, "I slipped on ice built up in central kitchen."  (Doc. No. 61-2 at 24.)  He requested a "Slippery when icy &/or wet" sign on the freezer door, daily inspections, medical treatment, and compensation for his injuries.  In a July 21, 2017, response, Plaintiff was informed that a slippery floor sign had been ordered.  (*Id.*)  After he submitted his CDCR 22 form, Plaintiff responded to the July 10, 2017, screening order stating that he had informed Central Kitchen with a form 22, which he attached to his appeal.  (Doc. No. 67 at 15.)

On July 27, 2017, Plaintiff's grievance, Log No. KVSP-0-17-02006, was again screened at the first level of review.  (Doc. No. 67 at 17.)  The screening determination, on a CDCR 695 form, stated that the appeal was rejected because it was not submitted on departmentally

approved appeals forms.  Additionally, the screening determination advised Plaintiff to remove the request for compensation in the form of medical treatment; request medical treatment on a form 602-HC; and continue use the form 22 process, accurately complete section C, and forward to Central Operations (Central Kitchen).  The determination again informed Plaintiff that compensation is beyond the scope of the appeals process.

Plaintiff responded to the screening determination by stating, "Your CDCR 695 form is indicisive [sic] on the actions your [sic] telling me to take.  I completed the request process, as recommended.  Now I'm being informed to do other [things] . . . ." (*Id.*)

On August 9, 2017, Plaintiff's grievance, Log No. KVSP-0-17-02006, was again screened and rejected at the first level of review.  (*Id.* at 19.)  The screening determination informed Plaintiff that he again failed to submit his appeal on the departmentally approved appeal forms; advised that requests relating to medical treatment needed to be submitted on a form 7362 or 602-HC; and advised Plaintiff that he must remove his request for compensation.  Finally, Plaintiff was cautioned that failure to follow instructions may result in a canceled appeal.  Plaintiff responded, "I corrected all error[s] and filed a medical 602-HC upon your request." (*Id.*)

On August 15, 2017, Plaintiff submitted a health care inmate grievance on a 602-HC form, assigned Log No. KVSP-HC-17038725, writing, "I fell in Central Kitchen, due to ice built up on freezer floor, I was sent to CTC for x-rays, they found no broken bones but said something about my back.  I only received a[n] ice pack and no treatment." (*Id.* at 21.)  Plaintiff requested a sign warning of icy floors, daily inspections, medical treatment, and damages.  Plaintiff's 602-HC was granted at the first level of review.  (*Id.*)

On August 22, 2017, Plaintiff's non-health care grievance, Log No. KVSP-0-17-02006, was again screened at the first level of review: "Sir your issue is being addressed by central kitchen based on the response from the CDCR 22 form.  Explain how the issue continues to be an adverse effect." (*Id.* at 23.)

On June 15, 2018, Plaintiff initiated this action by filing a civil rights complaint in the United States District Court for the Central District of California.  (Doc. No. 1.)  On June 18,

4

2018, this action was transferred to this Court. (Doc. No. 4.) The Court screened the complaint and found no cognizable claims. (Doc. No. 10.) In response, Plaintiff filed a first amended complaint against Defendants Bettencourt and Rodriguez alleging deliberate indifference in violation of the Eighth Amendment. (Doc. No. 13.)

On December 14, 2020, Defendant Bettencourt filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. No. 36.) Plaintiff filed a response in opposition and a cross-motion for summary judgment. (Doc. No. 39.) On March 8, 2021, the Court granted Defendant Bettencourt's motion for summary judgment and denied Plaintiff's motion for summary judgment. (Doc. No. 47.) In accordance with the order, judgment was entered in favor of Defendant Bettencourt, leaving only the deliberate indifference claim against Defendant Rodriguez. (*See* Doc. No. 48.)

Defendant Rodriguez filed the instant motion for summary judgment on August 4, 2021. (Doc. No. 61.) Plaintiff filed a response in opposition, to which Defendant filed a reply. (Doc. Nos. 67, 68.)

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Jones*, 549 U.S. at 204. The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

administrative process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). "[A]ll inmates must now exhaust all available remedies: 'Exhaustion is no longer left to the discretion of the district court.'" *Fordley v. Lizarraga*, 18 F.4th 344, 367 (9th Cir. 2021) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Id.* at 218; *Ngo*, 548 U.S. at 90. California prisoners are required to lodge their administrative complaint on a CDCR 602 form for non-health care matters or a CDCR 602-HC form for a health care matter. The level of specificity required in the appeal is described by regulation:

> The inmate or parolee **shall list all staff member(s) involved and shall describe their involvement in the issue.** To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. . . . **The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form**, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3)–(4) (emphasis added); *see also Sapp*, 623 F.3d at 824 ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations").

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed

to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

### III. DISCUSSION

Plaintiff does not dispute that Defendant has met his initial burden of showing that an available administrative remedy exists. The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[3] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that exhaustion is a precondition to suit). At times relevant to Plaintiff's complaint,

---

[3] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

administrative appeals were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2017); *see also Sapp*, 623 F.3d at 818.[4]

Next, Defendant must show that Plaintiff failed to exhaust the administrative remedies. Defendant argues that the Plaintiff's appeal failed to allege that the named Defendant had done anything to contribute to the incident other than to witness the fall. Plaintiff also failed to submit his grievance to the second or third levels of review. According to Defendant, because of Plaintiff's failure to comply with CDCR's administrative process, he has failed to exhaust the claims against Defendant.

In the CDCR 602 form at issue, Log No. KVSP-0-17-02006, Plaintiff alleges as follows:

> On 6/22/2017 I fell in the central kitchen freezer, due to a small layer of ice built up on the freezer floor, making the floor very slippery. . . . I slipped loosing [sic] my footing and landing straight on my back. The floor was icy. The acting supervisor at the time, not a regular, Ms. Rodriguez who was standing at the freezer door witness me slip and fall. She ask[ed] was I okay, I let her know I had pain in my lower back and left arm. She notified her supervisor and I was tak[en] to CTC.[5]

(Doc. No. 67 at 12–13.) This is the only mention of Defendant in Plaintiff's inmate appeal. This description of events indicates that Defendant's only role in Plaintiff's fall was to witness it and call for assistance. The appeal contains no allegations that support Plaintiff's claim of deliberate indifference to Plaintiff's health by Defendant.[6] *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay the groundwork for litigation or provide personal notice to a particular official that he may be sued"); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Moreover, Plaintiff did not submit Log No. KVSP-0-17-02006 for second or third level review.

---

[4] Effective September 1, 2017, the CDCR adopted a two-level review procedure for healthcare grievances. *See id.* §§ 3084.1(a), 3999.225–.237. A health care grievance would undergo an institutional level of review and an appeal to a headquarters level of review that exhausts the appeal. *Id.*

[5] CTC stands for "Correctional Treatment Center."

[6] On August 15, 2017, Plaintiff filed a CDCR 602-HC, Log No. 17038725, concerning the fall. In this appeal, Plaintiff alleged, "I fell in Central Kitchen, due to ice built up on freezer floor. I was sent to CTC for x-rays . . . ." (Doc. No. 67 at 21.) This appeal does not refer to Defendant at all, and the relief sought was granted. (*Id.*)

9

Viewing any inferences drawn from these underlying facts in a light most favorable to Plaintiff, the Court finds that Defendant has met his burden of showing that Plaintiff failed to exhaust administrative remedies prior to filing suit.  Upon this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Albino*, 747 F.3d at 1172.  "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"  *Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) (quoting *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)).

Plaintiff argues that the administrative process was made unavailable by prison officials.  Plaintiff contends that "prison official[s] placed unreasonable restrictions and limits on what the plaintiff could state in his inmate appeal.  Directed him to seek other forms of redress which were fully granted."  (Doc. No. 67 at 2.)  Plaintiff argues further that prison officials repeatedly rejected his appeal without cause; he filed a health care appeal as instructed, and the appeal was fully granted; he filed a form 22 as instructed, and the issue was addressed by central kitchen.

Plaintiff's appeals and the prison's responses, however, demonstrate that remedies remained available.  Plaintiff utilized a 602 form to appeal his slip and fall Log No. KVSP-0-17-02006.  As instructed in the screening orders, he filed a 22 form and 602-HC to appeal his medical treatment; these were each granted to the extent that the prison officials ordered a "slippery floor" sign.  (*Id.* at 23, 25.)  The screening responses clearly indicated the reasons why his appeal was rejected and how Plaintiff could cure the deficiencies.  Rather than placing unreasonable restrictions and limits on Plaintiff's appeal, the screeners were following institutional procedures and informing Plaintiff of those procedures.  Under these circumstances, Plaintiff has not met his burden to show that the administrative remedies were unavailable to him.

Thus, Plaintiff failed to exhaust his remedies in two ways: (1) he failed to appeal Log No. KVSP-0-17-02006 to the second and third levels of review; and (2) his grievance only mentioned Defendant as a witness who called for assistance but did not allege facts that would support a claim of deliberate indifference.  Defendant has met her burden to show that Plaintiff failed to

exhaust his remedies before filing this action.  Because the facts regarding exhaustion are undisputed and Defendant is entitled to judgment as a matter of law under the PLRA, summary judgment in Defendant's favor is appropriate.

For the foregoing reasons, it is **RECOMMENDED**:

1. The Court **GRANT** Defendant Rodriguez's motion for summary judgment (exhaustion) (Doc. No. 61); and

2. Direct the Clerk of Court to enter judgment in Defendant's favor and to close the case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     March 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE