1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11
PHILIP JAMES ROGERS,

Case No. 1:18-cv-0846-JLT-BAK (HBK) (PC)

12
Plaintiff,

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

13
v.

14
YURIDIAN RODRIGUEZ,

15
Defendant.

16
(Doc. No. 75)

17

18
    Plaintiff Philip James Rogers is a state prisoner proceeding *pro se* and *in forma pauperis*

19
in this civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.)  This action proceeded on an

20
Eighth Amendment deliberate indifference claim against Defendant Yuridian Rodriguez.

21
Plaintiff requests leave to file belated objections to the undersigned's Findings and

22
Recommendations that the Court grant summary judgment in Defendant's favor.  (*See* Doc. No.

23
72.)

24
**I.      PROCEDURAL HISTORY**

25
    On August 4, 2021, Defendant Rodriguez filed a motion for summary judgment based on

26
a failure to exhaust administrative remedies. (Doc. No. 61.)   Plaintiff filed a response in

27
opposition, arguing that prison officials made the grievance process unavailable by improperly

28
rejecting Plaintiff's appeal.  (Doc. No. 67 at 6.)   Plaintiff further argued that he followed the

instructions of prison officials "to seek relief in an alternative grievance process where all available remedies were fully exhausted by fully granting the requested relief." (*Id.*)

On March 18, 2022, the Court entered findings and recommendations to grant Defendant's motion for summary judgment. (Doc. No. 72.) The Court found that the allegations in Plaintiff's CDCR 602 appeal did not support a claim of deliberate indifference to Plaintiff's health by Defendant. Moreover, Plaintiff did not submit his grievance for second or third level review. Thus, the Court determined that Plaintiff had failed to exhaust administrative remedies prior to filing this action. The findings and recommendations concluded with a notice to the parties:

> These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

(*Id.* at 11 (alteration in original).)

Twenty-four days passed, and neither party filed written objections to the findings and recommendations. In accordance with 28 U.S.C. § 636(b)(1)(C), the District Court conducted a careful *de novo* review of the entire file and found that the findings and recommendations were supported by the record and proper analysis. (Doc. No. 73.) Therefore, on April 11, 2022, the Court entered an Order adopting in full the findings and recommendations, granting Defendant's motion for summary judgment, and directing the Clerk of Court to enter judgment in favor of Defendant and to close the case. (*Id.*) The Clerk of Court entered judgment pursuant to the Court's order the same day. (Doc. No. 74.) Thus, judgment was entered and the case is closed.

## II.     DISCUSSION

### A.     Request to File Untimely Objections

On April 18, 2022, Plaintiff filed the instant motion for leave to file objections to the Court's findings and recommendations of March 18, 2022. (*See* Doc. No. 72.) Plaintiff

acknowledges that he missed the fourteen-day deadline to file objections.  He states that he relies on the assistance of others to prepare his pleadings, and because of COVID-19 restrictions on access to the library, these individuals were unable to assist Plaintiff in a timely manner.

In the Court's first information order, the Court advised that parties must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.  (Doc. No. 3.)  The Court cautioned that, absent good cause, deadlines are strictly enforced.  A request for an extension of time is required to state good reason for the request and must be filed before the deadline expires.  (*Id.* at 3 (citing L.R. 144).)  The inability of non-attorney assistants to meet Court deadlines does not constitute good cause for Plaintiff's failure to file timely objections or to seek an extension of time.[1]  As a *pro se* party, Plaintiff is responsible for his own pleadings.

**B.**     **Plaintiff's Objections**

In the instant motion, Plaintiff stated his objections as follows:

> . . . Plaintiff here by [sic] objects to the Findings and Recommendations, his position [sic] on the relevant issues have been set forth in his previous pleadings on file in this matter.  He stated his position [sic] that Administrative remedies were either unavailable and/or fully exhausted.
>      Based on the documents on file in this matter Defendants' [sic] motion should be denied.

(Doc. No. 75.)  Plaintiff's objections indicate that he has no new arguments to present to the Court.  Instead, he relies on arguments that were previously considered by the Court.  In making its findings and recommendations, the Court fully considered Plaintiff's opposition to Defendant's motion for summary judgment.  Moreover, in adopting the findings and recommendations and granting Defendant's motion for summary judgment, the District Court conducted a careful review of the entire file, including Plaintiff's arguments that his form 602 inmate appeal was improperly rejected and made unavailable or fully exhausted.

**C.**     **Rule 60 of the Federal Rules of Civil Procedure**

Rule 60 permits a party to file a motion for relief from a final judgment, order, or proceeding. The Court may grant relief for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or

---

[1] The Court afforded Plaintiff ten extra days to file objections or seek an extension of time.

misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)–(6).

To the extent that Plaintiff's motion can be liberally construed as a motion under Rule 60, Plaintiff has not asserted any of the enumerated reasons for relief from the Court's order or judgment.  Plaintiff's arguments that administrative remedies were unavailable or fully exhausted has been considered and rejected by the Court after careful consideration of the parties' positions and supporting evidence.

**III.     CONCLUSION**

Regardless of the intent of Plaintiff's motion, Plaintiff relies on arguments that he previously asserted in pleadings in this case.  The Court has fully considered Plaintiff's arguments, both in its findings and recommendations and in the final order.

Accordingly, it is **ORDERED** that Plaintiff's request for leave to file objections to the findings and recommendations to grant Defendant's motion for summary judgment (Doc. No. 75) is moot, as judgment was already entered by t the time Plaintiff moved.  In the alternative the motion is DENIED because Plaintiff fails to demonstrate good cause.

Dated:   __April 22, 2022__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE